# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>  vs.<br>JAMES JAVIER LOPEZ,<br>                             Defendant. | CASE NO. 11cr5308-LAB-1 and 14cv45-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

On January 11, 2012, pursuant to a plea agreement, Defendant James Javier Lopez pled guilty importation of heroin. On April 19, 2012, after receiving the benefit of acceptance of responsibility and fast track, he was sentenced to the mandatory minimum term of 120 months.

Lopez, proceeding *pro se*, then filed an appeal on August 16, 2012. The Ninth Circuit, on his own motion, dismissed the appeal as untimely. Then on January 6, 2014, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

The motion is untimely under § 2255(f) because his conviction became final fourteen days after entry of judgment, *see* Fed. R. App. P. 4(b)(1)(A), and the filing of a late appeal did not prevent Lopez's conviction from becoming final then, nor did it extend § 2255(f)'s one-year limitations period. *See Estrada-Ambriz v. United States,* 2012 WL 3879925, at *2–3 (E.D.Cal., Sept. 6, 2012) (citing *Randle v. Crawford*, 604 F.3d 1047, 1054 (9th Cir. 2010); *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011)). The date Lopez's conviction

became final was the latest of the four events listed in § 2255(f), and triggered the running of the one-year limitations period. The petition is therefore time-barred and for that reason it must be denied.

Lopez also waived appeal and collateral attack pursuant to his plea agreement. (*See* Docket no. 16 (Plea Agreement) at 10:11–11:3.)

Furthermore, although the Court is not deciding the Motion on the merits, it is worth noting the Motion's arguments are baseless. The Motion claims that the Court was required to obtain lab results showing he had imported approximately 2.88 kilograms of heroin, as charged, before sentencing him. In fact, he admitted both in his plea agreement and at his change of plea hearing that he imported that amount of heroin (Docket no. 44 at 11:2–22), and the Motion also attaches a copy of a lab report confirming both the fact that it was heroin and the approximate amount. The Motion also claims his counsel was ineffective for failing to file an appeal. But because the issue Lopez wanted to appeal is meritless, his counsel was not ineffective for failing to pursue it. *See James v. Borg,* 24 F.3d 20, 27 (9th Cir. 1994) (failure to make a futile motion did not constitute ineffective assistance of counsel).

The Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 2, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge